IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


IN RE:                                                    In Proceedings
                                                          Under Chapter 7
JIMMY DARRELL HAMILTON,
SHYRL ANN HAMILTON,
                                                          Case No. 10-30976
              Debtor(s).

## OPINION

The issue before the Court in this joint chapter 7 case is whether the debtor wife may use
Illinois' personal injury exemption to protect a portion of an annuity owned by her debtor
husband and payable solely to her debtor husband on account of his personal injury.  The trustee
in this case concedes that the wife is a dependent of her injured husband.  However, he objects to
the wife's use of the exemption because she does not own any portion of the annuity—a
requirement of coverage under the statute according to the trustee. The debtors contend that the
wife may claim the exemption since, in their view, the statute protects a debtor who is dependent
upon an individual who sustains an injury regardless of the ownership status of the dependent
debtor.

The following facts are not disputed.  The debtors filed this joint[1] chapter 7 case on April
15, 2010, and, among other assets, listed as joint property on schedule B an annuity of
$40,000.00, established with funds awarded to the husband for personal bodily injury he suffered
pre-petition.  On schedule C, the debtors jointly claimed $30,000.00 of the annuity as exempt
under Illinois' exemption for personal bodily injury, 735 ILCS 5/12-1001(h)(4).   They also

---

[1]   The case has not been consolidated pursuant to 11 U.S.C. § 302(b).

1

jointly claimed $6,665.00 of the annuity as exempt under Illinois' "wild card" exemption, 735 ILCS 5/12-1001(b).[2]

After the trustee filed an objection to the wife's effort to use the "wild card" and personal injury exemptions to protect a portion of the annuity that remained unshielded upon exhaustion of the husband's exemption claims, the debtors filed a written response to the objection. Although the debtors had scheduled the annuity as joint property on schedule B, in their "Response to Objection to Exemptions" the debtors stated that the husband is the owner of the annuity.

The Court conducted a hearing to consider the trustee's objection on August 3, 2010. The debtors and the trustee appeared by counsel during the hearing. At no time during the hearing did the debtors assert that any portion of the annuity is owned, or received, by the wife as the result of a loss of consortium claim, or as some other type of claim against the personal injury proceeds.  At the hearing, counsel for the debtors conceded that the wife cannot use the "wild card" exemption to protect a portion of the annuity since she is neither an owner of the annuity nor the recipient of payments from the annuity.[3]  The trustee agrees that the wife should be considered to be a dependent of the husband for purposes of the personal bodily injury exemption statute.   Therefore, the only issue remaining for determination is whether the exemption for payments on account of personal bodily injury extends to a debtor who is a dependent of an injured individual but who is not the owner of a personal injury annuity.

---

[2]  Schedules B and C indicate that each debtor has claimed $15,000.00 exempt under the personal injury exemption statute, 735 ILCS 5/12-1001(h)(4), and $3,332.50 exempt under the "wild card" exemption statute.  735 ILCS 5/12-1001(b).

[3]  Prior to the hearing, the trustee filed a "Response to Debtor's [sic] Response to Trustee's Objection to Exemption" in which he asserts that the debtors testified at the first meeting of creditors that the husband owns the annuity.  The debtors have not disputed that the husband is the sole owner of the annuity.

The burden of proving that a debtor is not entitled to a claim of exemption rests with the objecting party.  Fed. R. Bankr. P. 4003(c).  Here, the trustee asserts that the question of the debtor wife's dependency on her injured husband, while admitted, is not relevant.  Rather, he argues that the debtor wife may not claim the exemption because she lacks the requisite ownership interest in the annuity.  According to the trustee, each of the debtors in the instant case, albeit filing jointly pursuant to 11 U.S.C. § 302(a), has an estate that consists of the property that he or she owns both separately and jointly.  To protect the assets in their respective estates, each debtor, independently, must claim exemptions for the property that he or she owns. Since the annuity and its payments are wholly owned by the husband, the trustee contends that the annuity is not part of the debtor wife's bankruptcy estate and she may not claim it as exempt property.

The Court begins by examining the language of the exemption statute.  *See, e.g., Duncan v. Walker*, 533 U.S. 167, 172 (2001).  If that language is clear on its face, the Court's "only function is " 'to enforce it according to its terms.' " " *United States v. Balint*, 201 F. 3d 928, 932-33 (7th Cir. 2000) (quoting *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989)) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)) (parallel citations omitted).  Since Illinois has opted out of the federal exemption scheme,[4] the debtors have claimed protection for the annuity under the "wild card" and personal bodily injury sections of Illinois' personal property exemption statute, which provide:

§ 12-1001 Personal property exempt.  The following personal property, **owned by the debtor**, is exempt from judgment, attachment, or distress for rent:

---

[4]   Illinois has opted out of the federal exemption scheme described in 11 U.S.C. § 522(b)(1) of the Bankruptcy Code, thereby limiting debtors in Illinois to the framework of  11 U.S.C. § 522(b)(2) to determine their exemptions. 735 ILCS 5/12-1201.  *See, e.g., In re Mukhi*, 246 B.R. 859, 862-63 (Bankr. N.D. Ill. 2000).  Although both debtors must use the exemptions available under Illinois law, 11 U.S.C. § 522(m) makes clear that each of the joint debtors is entitled to claim exemptions in his or her own right.

. . . .
   (b)  The debtor's equity interest, not to exceed $4,000 in value, in any other property ;
   . . . .
   (h)  The debtor's right to receive, or property that is traceable to:
    . . . .
    (4)  a payment, not to exceed $15,000 in value, on account of personal bodily injury of the debtor or an individual of whom the debtor was a dependent . . . .

735 ILCS 5/12-1001(b), (h)(4) (emphasis added).  Based on the prefatory language in § 5/12-1001, that personal property must be "owned by the debtor" to be exempt, the Court finds that the Illinois legislature expressly created a threshold requirement that a debtor must own an item of personal property in order to claim it as exempt.  *See In re Aguilar*, No. 98-81393, 1998 WL 34064589, at *2 (Bankr. C.D. Ill. July 28, 1998) (debtor was denied an exemption in her former spouse's personal injury settlement because she had not been a party to the lawsuit culminating in the settlement nor was she entitled to receive payments under the settlement).  The Court can conceive of no other interpretation for the words of the preface contained in § 5/12-1001, and the debtors have not offered a different meaning.  Under the plain meaning of § 5/12-1001(h)(4), the non-injured debtor must have both a dependent relationship with the injured party and an ownership interest in the annuity that arises from his or her own claim against the tortfeasor.  *See In re Aguilar*, at *2 (contrasting the non-injured debtor who was denied a personal injury exemption with cases in which "the non-injured spouse had asserted a claim against the tortfeasor along with the injured spouse, and possessed a 'right to payment' from the tortfeasor 'on account' of the personal injury.")  In fact, the debtors recognized that Mrs. Hamilton had not met the prerequisite of ownership of the annuity when they conceded that she could not use the "wild card" exemption to protect it.

Nonetheless, the debtors attempt to refute the plain meaning of the personal injury exemption statute by simply ignoring the ownership threshold. In arguing that the wife may shelter a portion of her husband's personal injury annuity using the personal injury exemption statute, they focus only on the issue of whether the wife is a dependent of her injured husband. Although the trustee does not dispute the wife's dependency, the debtors opt to tackle this argument to the exclusion of any other. Each of the cases advanced by the debtors addresses the question of whether dependency has been, or must be, shown. Thus, the debtors rely heavily on language in the case of *In re Rockefeller*, 100 B.R. 874 (Bankr. E.D. Mich.), *aff'd on other grounds*, 109 B.R. 725 (E.D. Mich. 1989), indicating that to claim the personal bodily injury exemption available under 11 U.S.C. § 522(d)(11)(D),[5] a debtor need not suffer a bodily injury personally. The issue in *Rockefeller* arose when a creditor,[6] in disregard of the express language of the federal exemption statute, challenged Mrs. Rockefeller's entitlement to the personal injury exemption since she, personally, had not lost her leg—it was her husband who had sustained the injury. The Court held that under § 522(d)(11)(D), Mrs. Rockefeller "must either personally

---

[5] The federal exemption statute in effect when *Rockefeller* was decided provided in pertinent part:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate the property listed in . . . paragraph (1) . . . of this subsection. . . . Such property is--
>
> > (1) property that is specified under subsection (d) of this section . . .
>
> . . . .
>
> (d) The following property may be exempted under subsection (b)(1) of this section:
>
> > . . . .
> >
> > (11) The debtor's right to receive, or property that is traceable to—
> >
> > > . . . .
> > >
> > > (D) a payment, not to exceed $7,500, on account of personal bodily injury . . . of the debtor or an individual of whom the debtor is a dependent . . . .

11 U.S.C. §§ 522(b)(1), (d)(11)(D) (1988).

[6] Notably, the trustee did not object to Mrs. Rockefeller's personal injury exemption. *Rockefeller*, at 876 n.3. However, the trustee's objection to her claim of exemption in a truck was sustained because she had "no ownership interest in it." *Id.* at 876.

suffer an injury **or an individual of whom she is dependent must suffer the injury**." *Rockefeller*, at 876 n.3 (emphasis added).  Mrs. Rockefeller was found to meet the criteria of the second prong of § 522(d)(11)(D) as the wife of an injured husband.  However, the *Rockefeller* case is inapposite to the instant case because, here, Mrs. Hamilton's dependency is conceded by the trustee.  On the crucial inquiry of whether a dependent debtor must meet a threshold requirement of ownership, the *Rockefeller* case is not instructive because that issue was never reached.  Unlike the case at hand, the facts of *Rockefeller* reveal that Mrs. Rockefeller was a party to the settlement creating the annuity and had an ownership interest in it.[7]  The case is further distinguishable because the federal statute under consideration by the *Rockefeller* court, *supra* note 5, lacks the express ownership language found in the Illinois exemption statute.[8]

The remaining cases that debtors cite do not strengthen their argument. Each case focuses on whether there is a dependent relationship between the debtor and another individual described in the personal property exemption statute.  In none of the cases is it necessary to address the question of the ownership of the personal property, because the debtor in each case has an established ownership interest in the personal property claimed as exempt.  *See In re Burns*, No. 99-83458, 2000 WL 33950121, at *1 (Bankr. C.D. Ill. March 21, 2000) (debtor is entitled to a personal bodily injury exemption for his medical malpractice claim arising from the death of his spouse because spouses are presumed to be mutually dependent); *In re McLaren,* 227 B.R. 810, 811 (Bankr. S.D. Ill. 1998) (debtor insureds not entitled to exempt cash value of their life insurance policies that designated a non-dependent parent or adult child as beneficiaries since

---

[7]  *Id.* at 876.
[8]   Although lacking the express language, "owned by the debtor," that appears in Illinois' § 5/12-1001, the federal statute, both then and now, requires that an exemption be taken "from property of the estate."  11 U.S.C. § 522(b) (1988); 11 U.S.C. § 522(b)(1) (2010).  As will be discussed below, *infra* p.7-8, this language reinforces the position that a joint debtor, having a separate estate from his or her spouse, must own property in order to claim it as exempt.

exemption statute construed to require that a parent or child beneficiary be "dependent upon the insured"); *In re Rigdon*, 133 B.R 460, 461 (Bankr. S.D. Ill. 1991) (debtors who own an annuity arising from the death of their minor son required to show that they were dependent upon their son prior to his death in order to claim the annuity exempt under three provisions of the personal property exemption statute, then Ill. Rev. Stat. ch. 110,  ¶¶ 12-1001(f), (h)(2), and (h)(4)).

The Court finds further merit in the trustee's argument that property that is wholly owned by one joint debtor is neither included in the bankruptcy estate of the non-owner debtor nor subject to exemption by the non-owner.  The filing of a petition in bankruptcy brings assets into the bankruptcy estate pursuant to § 541(a) of the Bankruptcy Code.   11 U.S.C. § 541(a).  *See, e.g.*, *Schwab v. Reilly,* 130 S. Ct. 2652, 2657, 2663 (2010).  Thereafter, notwithstanding their initial inclusion in the estate, a debtor may attempt to reclaim those assets, or the value of his or her interest in those assets, by using the exemptions allowed under applicable law to shield the assets from creditors.  S*ee, e.g.*, *Schwab v. Reilly,* 130 S. Ct. at 2657, 2663-64; *Matter of Yonikus*, 974 F. 2d 901, 905 (7th Cir. 1992).  When a joint bankruptcy petition is filed by a husband and wife,[9] in the absence of consolidation under 11 U.S.C. § 302(b), the two bankruptcy estates remain separate, with each debtor required to separately schedule his or her individual and joint assets, debts and exemptions, with claims against each debtor having to be separately filed, and with the separate property of one debtor protected from the claims of the other debtor's creditors.  2 Collier on Bankruptcy ¶ 302.02[1][b], at 302-7 (16th ed. 2010).  In the instant case, there has been no consolidation of the debtors' estates.  Therefore, the annuity, which is wholly owned by the debtor husband, may not be included as property of the debtor wife's bankruptcy estate.  11 U.S.C. § 541(a).  Since the annuity is not an asset of her bankruptcy estate in the first

---

[9]   The filing of a joint bankruptcy petition is authorized by 11 U.S.C. § 302(a).

instance, there is no portion of the annuity which the debtor wife may reclaim by exempting it out of her bankruptcy estate.  S*ee, e.g.*, *Schwab v. Reilly,* 130 S. Ct. at 2657, 2663-64.

For the reasons stated above, the Court finds that the debtor wife may not use the "wild card" or personal bodily injury exemptions, 735 ILCS 5/12-1001(b), (h)(4), to exempt any portion of the annuity that is wholly owned by her husband.

SEE WRITTEN ORDER.


ENTERED: September 29, 2010

/s/ Laura K. Grandy

UNITED STATES BANKRUPTCY JUDGE